UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY D. WALKER et al., | : |
| Plaintiffs, | : |
| v. | : No. 3:04cv1477 (MRK) (LEAD) |
| CITY OF WATERBURY et al., | : |
| Defendants. | : |

**RULING AND ORDER**

Plaintiffs, firefighters employed by the City of Waterbury (the "City"), brought claims under 42 U.S.C. § 1983 against the City, alleging that actions taken by the City affecting Plaintiffs' pension benefits deprived Plaintiffs of due process and equal protection. This Court determined that the Waterbury Financial Planning and Assistance Board (the "Board"), an entity created by the State of Connecticut in Special Act 01-1 to superintend and manage the City in its long-running fiscal crisis, was a necessary party that should be joined if feasible. *See* Memorandum of Decision [doc. # 47]. Plaintiffs then amended their complaint to name the Board as an additional defendant. *See* Amended Complaint [doc. # 54]. After determining that the Board was an arm of the State and therefore entitled to sovereign immunity under the Eleventh Amendment, this Court dismissed the action in its entirety because it found that the Board was a necessary and indispensable party under Rule 19(b) of the *Federal Rules of Civil Procedure* and that, accordingly, Plaintiffs could not proceed against the City in the absence of the Board. *See* Memorandum of Opinion [doc. # 94]. The Court assumes familiarity with its prior rulings.

Plaintiffs then appealed to the United States Court of Appeals for the Second Circuit, which affirmed this Court's finding that the Board is entitled to sovereign immunity under the Eleventh

Amendment. *See Walker v. City of Waterbury*, 253 Fed. Appx. 58 (2d Cir. 2007). However, the Court of Appeals remanded the case to this Court on the issue of whether the Board is an indispensable party because of developments that had occurred while the case was pending on appeal. In particular, the Second Circuit noted that the Board had decided on January 23, 2007, to dissolve itself after having determined that the City had met certain financial benchmarks. According to the Second Circuit,

> [d]istrict courts are afforded substantial discretion in weighing the Rule 19(b) factors and in determining how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute. The decision whether to dismiss an action for failure to join an indispensable party is thus more in the arena of a factual determination than a legal one, and our review is limited to the question whether the District Court has abused its discretion. Accordingly, we conclude that the changed circumstances in this matter are best considered in the first instance by the District Court. We therefore vacate the District Court's order dismissing the case on Rule 19(b) grounds so that the District Court may consider on remand whether and to what degree the Board's nonexistence affects its earlier Rule 19(b) determination.

*Id*. at 62 (quotations and citations omitted).

Following the Second Circuit's decision, the Court ordered the parties to submit briefs on whether the Board is indispensable in view of its dissolution. The City acknowledges the Board's dissolution. But the City argues that the Board nevertheless continues to be an indispensable party because it can be reinstated by the Secretary of the Office of Policy and Management ("OPM") if any one or more of the following conditions should occur: (1) the City incurs a general fund deficit in excess of one-half of one percent of the annual budget; (2) the City fails to fund its pension fund according to actuarial recommendations; (3) the City fails properly to implement revaluations of real estate; or (4) the City fails properly to fund its internal service funds. *See* Special Act 01-1 § 14(b). According to the City, a dissolved corporation does not lose its status as an indispensable party until

it completely ceases to exist and cannot be resurrected. *See* City of Waterbury's Brief Addressing Whether the Oversight Board's Current State of "Nonexistence" Affects This Court's Previous Dismissal of This Case Under Rule 19(b) [doc. # 134] ("City's Brief") at 5. Plaintiffs dispute the City's position and assert that a "deceased corporation, even if capable of revival in the future," cannot be an indispensable party. *See* Plaintiff's Memorandum on Remand [doc. # 138], at 1.

Both sides acknowledge that there is little, if any, case law that is relevant to the unique issues raised by the Board's decision to dissolve itself. As this Court noted in its original rulings, under Rule 19(b), when it is impossible to join a party described in Rule 19(a), "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Factors bearing on whether a party is indispensable include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Importantly for this case, a determination under Rule 19(b) is equitable in character, and therefore, the Court's inquiry is necessarily a contextual and pragmatic one. *See Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 75 (2d Cir. 1984) ("[A] Rule 19(b) determination [is] more in the arena of a factual determination than a legal one . . . ."); Fed. R. Civ. P. 19 advisory committee's notes (noting that "this decision is to be made in the light of pragmatic considerations"); 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1611, at 169 (3d ed. 2001) ("Because the doctrine of indispensability is equitable in

character, the court will not dismiss for nonjoinder when special circumstances would make it inequitable to do so.").

While the Court had no doubt that the Board was indispensable when it existed, there seems little point in finding the Board indispensable now that it no longer exists. The equities, and thus the Rule 19(b) factors, tip decidedly in Plaintiffs' favor now that the Board no longer exists. It is true that the Board could conceivably be reinstated, albeit with reduced powers, by OPM at some point in time. However, beyond a fair amount of speculation by the City, the Court has no information on how likely any of those circumstances are to occur. Thus, despite the Second Circuit's observation that whether a party is indispensable is "more in the arena of a factual determination than a legal one," *Walker*, 253 Appx. at 62, the parties have provided the Court with virtually no facts from which the Court could conclude that reinstatement of the Board was at all likely. In that regard, the Court notes that it has now been over a year since the Board was dissolved.

In these circumstances, the City has simply failed to shoulder its burden of showing that "equity and good conscience" require dismissal of this action. *See Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 140 (2d Cir. 2002). If during the continued pendency of this action, the Board is reinstated, the Court will revisit this issue. But so long as the Board continues to be non-existent, it is not indispensable.[1]

---

[1] The City relies heavily upon *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544 (5th Cir. 1985), for the proposition that a dissolved corporation that is capable of being reinstated can continue to be an indispensable party. That is not the holding in *Lone Star*; instead, the Fifth Circuit held "[i]n light of OKC's expiration, it is clear that it could not have been indispensable under Fed. R. Civ. P. 19(b)." *Id.* at 1548. While it is true that the corporation in *Lone Star* could not be reinstated at that point in time, that decision has little application to the unique facts of this case. In effect, the City is arguing that because OPM can reinstate the Board at any time, it will always continue to be indispensable even though it is long out of existence. No decision supports such an interpretation of a rule that is, after all, designed to achieve equity.

Accordingly, the Clerk of the Court is instructed to reinstate this case to the Court's docket. The parties are ordered to confer and file with the Court a status report and a proposed schedule no later than **April 18, 2008.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: April 2, 2008.**